*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRETT LEE COOLEY,

Defendant-Appellant.

UNPUBLISHED
July 22, 2026
12:01 PM

No. 372849
Kalamazoo Circuit Court
LC No. 2023-001680-FH

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of four counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (sexual penetration with person at least 13 years of age and under 16 years of age). We affirm in part but remand for an evidentiary hearing exclusively on whether defendant was deprived the effective assistance of counsel based on his trial counsel's advice not to testify at trial because of his "background."

## I. FACTUAL BACKGROUND

This case arose out of defendant's sexual assault of the victim. Defendant started dating the victim's mother in 2020. In November 2020, the 14-year-old victim lived with her mother, defendant, and her siblings for part of each week, and the victim stayed with her father and stepmother on the weekends. That same month, defendant forced the victim into the bathroom at her mother's apartment, whereupon defendant took off the victim's pants and underwear and put his penis in her vagina. Afterwards, defendant told the victim not to tell her mother what happened. About two weeks later, defendant was standing with the victim, her mother, and their landlord behind a shed near the apartment. After the victim's mother and the landlord went inside, defendant again took off the victim's pants and put his penis in her vagina. Defendant then threatened to hurt the victim's mother if the victim disclosed what occurred.

On another occasion, on the way home from a convenience store with the victim, defendant pulled the van over into an alley, went to the backseat and again took the victim's pants off and put his penis in her vagina. A few weeks later, when the victim was helping defendant paint a neighboring apartment, defendant again took off the victim's pants and put his penis in her vagina.

-1-

At trial, the victim's mother, father, and stepmother testified that they noticed the victim's behavior change at the end of 2020. The victim started struggling in school and became quieter and more distant. Each of these witnesses testified that the victim's behavior at the end of 2020 made sense after they learned of the sexual assaults years after they occurred. Defendant waived his right to testify at trial. In the prosecutor's closing argument, she asserted that the victim's testimony was credible. As noted, the jury found defendant guilty of four counts of CSC-III.

Defendant then moved for a new trial, arguing that he was deprived of the effective assistance of counsel when his trial counsel insufficiently advised him of his right to testify at trial; failed to object to the testimony of the victim's mother, father, and stepmother vouching for the victim's credibility; and failed to object to the prosecutor's closing argument. Defendant also argued that the prosecutor deprived him of a fair trial when she vouched for the victim's credibility in her closing statement. Without holding a *Ginther*[1] hearing, the trial court denied defendant's motion for a new trial. This appeal followed.

## II. PROSECUTORIAL ERROR

Defendant argues that he was denied a fair trial because the prosecutor improperly vouched for the victim.

### A. ISSUE PRESERVATION

"[T]o preserve an issue of prosecutorial misconduct,[2] a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defendant did not object at trial to the prosecution's comments on the victim's credibility during closing argument, making this issue unpreserved.

### B. STANDARD OF REVIEW

We review unpreserved prosecutorial error arguments "for plain error affecting defendant's substantial rights." *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). Under the plain error rule, defendant must show: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) . . . the plain error affected substantial rights . . . [, and 4) ] once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse." *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018) (quotation marks and citation omitted; alteration in original). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] "This Court explained in *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015), that a more accurate label for most claims of prosecutorial misconduct is 'prosecutorial error,' while only the most extreme cases rise to the level of 'prosecutorial misconduct.' " *People v Caddell*, 332 Mich App 27, 71 n 10; 955 NW2d 488 (2020).

affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Randolph*, 502 Mich at 10 (quotation marks and citation omitted).

## C. ANALYSIS

A prosecutor commits error by "abandon[ing] his or her responsibility to seek justice and, in doing so, den[ying] the defendant a fair and impartial trial." *People v Lane*, 308 Mich App 38, 62; 862 NW2d 446 (2014). Prosecutorial error is "decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Anderson*, 331 Mich App 552, 565; 953 NW2d 451 (2020) (quotation marks and citation omitted). "[A] prosecutor may not vouch for the credibility of his witnesses by implying that he has some special knowledge of their truthfulness." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). However, "a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *Id*. "A prosecutor may not make a factual statement to the jury that is not supported by the evidence, but he or she is free to argue the evidence and all reasonable inferences arising from it as they relate to his or her theory of the case." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007) (citations omitted). In other words, the prosecutor may argue from the evidence, and reasonable inferences from it, to support a witness's credibility. *Bennett*, 290 Mich App at 478.

Defendant argues that the prosecutor relied on personal knowledge of the victim to vouch for her credibility. In closing, the prosecutor stated:

How did the witness look and act? Was there an honest effort to tell the truth? I want you to think about when [the victim] walked in this door? As soon as that door opened and she saw the defendant sitting there, what did she do? I don't know if you could hear it or not, but there was a pause, right? Broke down and cried. When she walked through that door, she was in tears. One of you actually mentioned emotion in jury selection. One of you actually said, you know, emotion at the appropriate times, right? That was nothing but raw, genuine emotion walking through that door. That wasn't somebody coming in here with some kind of vendetta. That wasn't somebody coming in here with some kind of, you know, motive to say that he did this, right? She didn't want to be here. She doesn't want to do this. She came in here because of what happened to her, because of what she went through. This is four years later, folks, and that's still her reaction. That's genuine. She took the stand. She asked—she answered questions honestly. She took time to actually think about her answers at some points. One of you actually mentioned credibility to you would be maybe not knowing every single answer to every question, right? And I think one of the biggest examples of that is, again, going back to the shed and the van incident. She said, I actually can't remember which one came next or in terms of chronological order, if this one was second or third, but I know those two bookends. I know the bathroom was first, and I know the apartment next door was last, and the other two were in the middle somewhere, right? This isn't her just, oh, I'm just going to tell you what came here. I'm just going to give you this order because that's what I think I should do. You know, that's an example of her being honest, being credible with you, right? It did happen,

she said. I just don't know the order. I mean, she did it a couple times. There were a couple times she didn't remember or didn't recall or didn't know how to answer it, but she also provided context, right? The answers that she provided were clear, and some of them were in depth. This wasn't somebody who made this up. This was somebody who lived it. So I want you to think about that when you go through and think about was she credible or not.

The prosecutor was not suggesting that she had personal knowledge about the victim. Rather, the prosecutor was arguing that the victim's testimony was credible because of the victim's display of emotion when she entered the courtroom and when testifying. According to the record, after the victim was sworn in, the prosecutor stated, "Hi, [the victim]. So, you've got a box of Kleenex right there, too, right if you need them, okay? And there's some water, I think, right there in front of you as well. Do you need a few minutes or are you going to be okay?" The victim's response was inaudible. The prosecutor then stated, "Just take a minute; take a breath." Then, the direct examination of the victim began.

In context, the prosecutor was arguing that the victim's emotional response to being in the courtroom and testifying against defendant showed that she did not want to be there, which supported her credibility. The prosecutor then asserted that the victim was also credible because she was honest that she did not remember certain details of the sexual assaults. Nothing in the record shows that this argument was based on the prosecutor's personal knowledge rather than on the victim's "clear" answers and admission regarding the details that she could not remember. In other words, the prosecutor was using evidence from trial to argue that the victim was worthy of belief. This is proper argument, not error. *Dobek*, 274 Mich App at 66; *Thomas*, 260 Mich App at 455. Defendant is unable to demonstrate that the prosecutor improperly vouched for the credibility of her witnesses.

Even if there was some error, the record does not support defendant's argument that his substantial rights were affected. The trial court instructed the jury to decide the case based on the evidence and not to consider the arguments of the lawyers as evidence, which we presume the jury followed. *People v Mullins*, 322 Mich App 151, 173; 911 NW2d 201 (2017). Because any possible prejudice was minimal, the trial court's instruction cured any prejudice caused by the prosecution's alleged improper argument. *Id*. Accordingly, defendant has not established his substantial rights were affected by any potential errors by the prosecutor, and he is not entitled to reversal. *Randolph*, 502 Mich at 10.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that the trial court erroneously denied his motion for a new trial that was premised upon his having been deprived of the effective assistance of counsel.

### A. STANDARD OF REVIEW

"A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021) (quotation marks and citation omitted). "All findings of fact are reviewed for clear error, while the legal questions are reviewed de novo." *Id*. (quotation marks and citation omitted). "When 'the

reviewing court is left with a definite and firm conviction that the trial court made a mistake,' there is clear error." *Id.*, quoting *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). An appellate court must also give deference to the " 'special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.' " *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018), quoting MCR 2.613(C) (alteration omitted). When the trial court does not conduct a *Ginther* hearing, this Court's review "is limited to mistakes that are apparent on the record." *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018) (quotation marks and citation omitted).

## B. WITNESS TESTIMONY

Defendant argues that he was deprived the effective assistance of counsel when his trial counsel failed to object to the testimony of the victim's mother, father, and stepmother stating that the victim's change in behavior toward the end of 2020 made sense after they learned about defendant's abuse.

A criminal defendant has a right to a fair trial, and therefore effective assistance of counsel. *Isrow*, 339 Mich App at 531, citing US Const, Am VI, and Const 1963, art 1, § 17. "To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016), citing *Strickland v Washington*, 466 US 668, 687-688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (quotation marks and citation omitted). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008) (quotation marks and citation omitted). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012).

The first prong of the *Strickland* test requires us to determine whether trial counsel's failure to object to the witness testimony was objectively reasonable. Defendant argues that the testimony of the victim's mother, father, and stepmother was improper because (1) it was unqualified expert testimony about whether the victim's behavior conformed with the behavior of typical sexual abuse victims and (2) it vouched for the victim's credibility.

"It is generally improper for a witness to comment or provide an opinion on the credibility of another witness, because credibility matters are to be determined by the jury." *Dobek*, 274 Mich App at 71. Lay witness opinion testimony must be "(a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue." MRE 701. Meanwhile,

[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. [MRE 702.]

At trial, after the victim's mother, father, and stepmother each testified regarding the behavior change in the victim that occurred at the end of 2020, the prosecutor asked each witness whether the victim's behaviors made sense after learning about defendant's abuse. They all answered affirmatively. According to defendant, the prosecution's questioning whether the victim's behavior "made sense" was equivalent to asking whether these witnesses believed the sexual assault allegations and thought that the victim's testimony regarding the sexual abuse was truthful.

The lay witness testimony of the victim's mother, father, and stepmother was based on their individual perceptions of the victim's behavioral changes in late 2020, and how those changes were understandable in light of her subsequent disclosures. The testimony was helpful to clearly understanding this testimony. MRE 701. Contrary to defendant's assertion, it was not the equivalent of expert witness testimony, as the witnesses did not claim to base their testimony on scientific, technical, or other specialized knowledge. MRE 702. None of these witnesses "testif[ied] with regard to the consistencies between the behavior of the particular victim and other victims of child sexual abuse to rebut an attack on the victim's credibility." *People v Peterson*, 450 Mich 349, 353; 537 NW2d 857 (1995), opinion amended on denial of reh 450 Mich 1212 (1995). None of these witnesses discussed the typical behavior of sexual abuse victims, nor did they claim to know that information. They did not testify that the victim's behavior aligned with the behavior of typical sexual abuse victims. Instead, after learning of the sexual abuse allegations in 2023, the behavior that they each separately observed in the victim was contextualized for the witnesses based on their individual perception of the victim's behavior in 2020. MRE 701.

Nor did the victim's mother, father, and stepmother vouch for the credibility of the victim's testimony. None of these witnesses testified that they believed the victim's testimony about the sexual abuse or that the victim was credible or truthful. Instead, as noted, they explained the change in the victim's behavior that they separately observed and how their understanding of the behavior changed after the victim told them about the abuse. That testimony did not invade the province of the jury to determine credibility because neither the victim's mother, father, nor stepmother provided an opinion on the victim's credibility. *Dobek*, 274 Mich App at 71.

Because there was no error in the testimony presented by the prosecution's witnesses, defendant has not demonstrated that his counsel's failure to object fell below an objective standard

of reasonableness, *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010), or that his counsel's failure to object would have affected the outcome at trial, *Shaw*, 315 Mich App at 672.[3]

## C. RIGHT TO TESTIFY

Defendant is also of the opinion that he was deprived of the effective assistance of counsel when his counsel insufficiently advised him of his right to testify at trial. Defendant frames this issue as ineffective assistance, because his decision not to testify based on his attorney's advice constituted a waiver of the right. *People v Spaulding*, 332 Mich App 638, 656-657; 957 NW2d 843 (2020).

We have long held that "decisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy," and that "we will not second-guess strategic decisions with the benefit of hindsight." *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013). A "trial counsel's advice to defendant not to testify on his own behalf" is presumed to be sound trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991).

"If this Court can conceive of a legitimate strategic reason for trial counsel's act or omission, this Court cannot conclude that the act or omission fell below an objective standard of reasonableness." *People v Haynes*, 338 Mich App 392, 429-430; 980 NW2d 66 (2021). "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). "Yet a court cannot insulate the review of counsel's performance by calling it trial strategy." *Trakhtenberg*, 493 Mich at 52. "The strategy, however, in fact must be sound, and counsel's decisions as to it objectively reasonable[.]" *Douglas*, 496 Mich at 585.

Defendant argues that he is entitled to a new trial because of his counsel's unreasonable advice not to testify at trial. On the existing trial court record, which contains no admissible evidence on the issue, defendant cannot establish an error apparent on the record. *Anderson*, 322 Mich App at 628. Additionally, the record[4] shows that defendant was informed that he had the right to testify and chose not to do so. He did not at that time express any concerns about counsel's

---

[3] Defendant has abandoned his one-sentence argument that the trial court should have granted an evidentiary hearing to develop his ineffective assistance of counsel argument related to his trial counsel's failure to object to the testimony discussing the victim's change in behavior. *People v McGraw*, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009). "It is not enough for an appellant . . . simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims . . . and then search for authority either to sustain or reject his position." *People v Beck*, 510 Mich 1, 26; 987 NW2d 1 (2022) (quotation marks and citation omitted; alteration in original).

[4] Although there is no requirement to place a defendant's waiver on the record, *People v Harris*, 190 Mich App 652, 661; 476 NW2d 767 (1991), it was done so here.

advice, and raised no concerns or questions about that waiver. There is no factual predicate for his ineffective assistance of counsel argument.

Because the existing record does not support his position, defendant also argues that we should remand for an evidentiary hearing regarding whether trial counsel was ineffective because defendant was insufficiently and untimely[5] advised of his right to testify at trial.

If the defendant establishes that an ineffective assistance argument depends on facts not in the record, a trial court should grant a request for an evidentiary hearing, *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973), but only if the defendant "set[s] forth . . . facts that would require development of a record to determine if defense counsel was ineffective," *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007). A defendant is not entitled to a *Ginther* hearing if he fails to "demonstrate[ ] any issue for which further factual development would advance his [or her] claim." *People v Chapo*, 283 Mich App 360, 368-369; 770 NW2d 68 (2009).

Defendant attached to his brief on appeal an affidavit sworn by his appellate counsel, but he did not attach the same document to his motion for a new trial or a *Ginther* hearing with the trial court. Despite relying on evidence outside of the lower court record, we consider the affidavit as an offer of proof for purposes of determining whether a remand for a *Ginther* hearing is appropriate. MCR 7.211(C)(1)(a). According to the affidavit, defendant wanted to testify at trial and would have testified if his trial counsel had not advised him against it. Counsel also avers that defendant's trial counsel advised defendant not to testify based on his "background," even though defendant had no history of sexual assault and had not been convicted of a sex crime. And, their argument goes, there was seemingly little risk to defendant testifying at trial because he had only been previously arrested for driving offenses, marijuana possession, and retail fraud, and most of the charges were dismissed.

We first point out that defendant's position, that trial counsel's mention of defendant's "background" was solely a reference to his *criminal* background, is merely an assumption. It could have been a reference to many issues or facts related to his past that can be brought up in cross-examination. See, e.g., *People v Coleman*, 2011 IL App (1st) 091005; 956 NE2d 966, 974 (2011) ("Defense counsel's statement in the defendant's postconviction petition cannot be read as referencing the defendant's juvenile background when there were far more prejudicial aspects to the defendant's 'background' to concern defense counsel."). And, of course, defendant was well aware of his criminal background—to whatever extent it exists—at the time of this advice.

As to the first *Strickland* prong, if these facts are true, it may have been objectively unreasonable for defendant's trial counsel to advise defendant against testifying based solely on his prior criminal record, particularly when there was no forensic evidence presented by the prosecution and the jury only heard the victim's version of events. Defendant has therefore set

_____

[5] We reject defendant's brief suggestion that counsel was ineffective by waiting until trial to address with defendant his right to testify. Assuming that is true, *Brooks v Tennessee*, 406 US 605, 609-610; 92 S Ct 1891; 32 L Ed 2d 358 (1972), recognized that during trial is often the most advantageous time to fully determine whether having a defendant testify is a reasonable strategy.

forth "facts that would require development of a record to determine if defense counsel was ineffective." *Williams*, 275 Mich App at 200.

With respect to the second *Strickland* prong, i.e., whether defendant can show that there is a reasonable probability of a different outcome at trial, according to counsel's affidavit defendant would have testified that he was innocent, never sexually assaulted the victim, was never alone with the victim, and could never have been alone with the victim because many family members lived at the apartment at the time of the alleged assault. He also would have testified that the bathroom was too small for the sexual assault to have occurred as the victim described it, and that the shed incident could not have occurred as the victim described it because there was a busy parking lot behind the shed so there would have been witnesses. Thus, if defendant had testified, there would have been some evidence presented at trial contradicting the victim's testimony. Factual development could advance defendant's ineffective assistance of counsel argument because he may be able to establish a reasonable probability that the result of the proceedings would have been different if defendant had testified. *Shaw*, 315 Mich App at 672.

Accordingly, defendant has established that a *Ginther* hearing is warranted exclusively on whether defendant was deprived the effective assistance of counsel when (and if) counsel advised defendant not to testify at trial because of his "background".

## D. CLOSING ARGUMENT

With respect to his argument regarding his trial counsel's failure to object to the prosecution's statements in the closing argument, defendant has not established that he was deprived effective assistance of counsel. "[C]ounsel is not ineffective for failing to raise meritless or futile objections." *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015). For the reasons described above, an objection to the prosecution's arguments related to the victim's credibility would be meritless because the prosecution did not imply that she had special knowledge of the victim's truthfulness or make a factual statement that was not supported by the evidence.

Furthermore, defendant is required to demonstrate prejudice to obtain relief. *Shaw*, 315 Mich App at 672. Any prejudice was alleviated by the trial court's instruction to the jury that the case was to be decided on the evidence and that the comments of counsel were not evidence. Therefore, defendant has failed to carry his burden of demonstrating ineffective assistance of counsel.

Affirmed in part and remanded for an evidentiary hearing solely on whether defendant received the ineffective assistance of counsel based on his assertion that trial counsel advised him not to testify because of his "background." We retain jurisdiction.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

# Court of Appeals, State of Michigan

# ORDER

PEOPLE OF MI V BRETT LEE COOLEY

Docket No.    372849

LC No.        2023-001680-FH

Michelle M. Rick
Presiding Judge

Christopher M. Murray

Stephen L. Borrello
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 56 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, we affirm in part but remand for an evidentiary hearing exclusively on whether defendant was deprived the effective assistance of counsel based on his trial counsel's advice not to testify at trial because of his "background." The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

Both parties may file a supplemental brief, not to exceed 5 pages, addressing issues resulting from the remand proceedings within 14 days after the filing of the transcript of the remand proceedings in the trial court.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_____
July 22, 2026
Date

_____
Chief Clerk